UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ENERGY PRODUCTION CORPORATION | CIVIL ACTION |
| VERSUS | NO: 10-0933 |
| NORTHFIELD INSURANCE COMPANY, ET AL. | SECTION: "C" (4) |

## ORDER

**IT IS ORDERED** that the **Ex Parte Motion to Expedite Consideration of Energy Production Corporation's Motion to Strike, or in the Alternative for Leave to File Its Reply Memorandum to Its Motion for Leave to Conduct Jurisdictional Discovery (R. Doc. 42)** filed by Plaintiff, Energy Production Corporation ("EPCO"), is hereby **GRANTED**. The motion will be considered on the briefs.

Before the Court is **Energy Production Corporation's Motion to Strike, or Alternatively, Its Motion for Leave to File a Reply Memorandum on Its Motion for Leave to Conduct Jurisdictional Discovery (R. Doc. 41)** filed by EPCO seeking to strike the untimely response (R. Doc. 38) filed by Defendant, Fairmont Specialty Insurance Company ("Fairmont"), or in the alternative, seeking to file a reply memorandum in support of its motion to compel. Fairmont opposes the motion. (R. Doc. 43.)

Local Rule 7.5E requires that:

Each party opposing a motion shall file, in duplicate, a memorandum of the reasons advanced in opposition to the motion and a list of citations of the authorities upon which the opponent relies . . . **no later than the eighth calendar day prior to the noticed hearing** and shall at the same time serve a copy thereof on the opposing

parties.

L.R. 7.5E (emphasis added). The hearing date on this motion is July 14, 2010, and therefore, Fairmont's response was due no later than July 6, 2010. Fairmont's response was not filed until July 9, 2010 (R. Doc. 38). Accordingly, Fairmont's response was filed three (3) days after the deadline to respond.

EPCO claims that the Court should strike Fairmont's response as untimely. EPCO claims that courts routinely strike memoranda that violate Rule 7.5E, particularly if consideration of the late memorandum will prejudice the moving party. (R. Doc. 41-1, p. 2.) EPCO argues that Fairmont did not seek an extension of time in which to file its opposition or provide good cause as to why it did not timely file its opposition. (R. Doc. 41-1, pp. 2-3.) In the alternative, EPCO asks that it be granted leave to file its attached reply memorandum in order to address the arguments raised in Fairmont's opposition. (R. Doc. 41-1, p. 3.)

Fairmont admits that it failed to timely file its response in accordance with Local Rule 7.5E, but claims that the failure was based on a technical mistake by counsel, and that therefore, Fairmont should not be prejudiced. (R. Doc. 43, p. 1.) Counsel for Fairmont mistakenly relied on Rule 7.5M for the Middle District instead of Rule 7.5E for the Eastern District in filing the motion. (R. Doc. 43, p. 1.) Local Rule 7.5M allows 20 days after the filing of a motion to file a response. *See* L.R. 7.5M. EPCO filed its motion to compel (R. Doc. 36) on June 21, 2010. Therefore, counsel for Fairmont apparently believed that his response was not due until July 12, 2010.

Fairmont further argues that EPCO is not prejudiced by its late response and still had time to file a reply memorandum before the hearing date. (R. Doc. 43, p. 2.) Fairmont cites *Shilling v. Ultra-Fabricators, Inc.*, No. 94-1603, 1994 WL 396300, at *1 (E.D. La. July 22, 1994) (Clement, J.) (holding that because the late filing of an opposition memorandum did not prejudice the moving party,

2

the moving party's motion to quash the memorandum was denied), for the proposition that a late filed opposition memorandum should not be quashed when there is no prejudice to the mover. (R. Doc. 43, p. 2.) Therefore, Fairmont asks that EPCO's motion to strike be denied.

In *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, No. Civ.A 02-1154, 2003 WL 21750666, at *3 (E.D. La. July 25, 2003) (Roby, J.), *rescinded on other grounds*, 2003 WL 22966373 (E.D. La. Dec. 11, 2003) (Duval, J.), this Court held that despite the responding party's failure to submit a timely opposition, the Court would consider the opposition because the moving party was granted leave to file a reply to the responding party's opposition. Here, EPCO seeks leave to file a reply memorandum as alternative relief to the Court striking Fairmont's response. The Court grants EPCO's motion insofar as it seeks to file a reply memorandum. Therefore, the Court finds that there is no prejudice to EPCO caused by Fairmont's failure to timely file. EPCO's motion to strike Fairmont's response is therefore denied. Accordingly,

**IT IS ORDERED** that **Energy Production Corporation's Motion to Strike, or Alternatively, Its Motion for Leave to File a Reply Memorandum on Its Motion for Leave to Conduct Jurisdictional Discovery (R. Doc. 41)** is hereby **GRANTED IN PART** and **DENIED IN PART.**

- **IT IS GRANTED** insofar as Energy Production Corporation seeks to file its reply memorandum (R. Doc. 41-5) in support of its motion to compel.

- **IT IS DENIED** insofar as Energy Production Corporation seeks to strike Fairmont's untimely response (R. Doc. 38) to its motion to compel.

New Orleans, Louisiana, this 14th day of July 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

3