## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENERGY PRODUCTION CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO:    10-0933** |
| **NORTHFIELD INSURANCE COMPANY, ET AL.** | **SECTION: "C" (4)** |

### ORDER

Before the Court is **Energy Production Corporation's Motion for Leave to Conduct Jurisdictional Discovery (R. Doc. 36),** filed by the Plaintiff, Energy Production Corporation ("EPCO"), seeking to compel discovery related to the citizenship of Defendant, Fairmont Specialty Insurance Company ("FSIC"), prior to the Rule 26(f) conference. FSIC filed a response opposing the motion. (R. Doc. 38.) The motion was heard with oral arguments on July 14, 2010.

## I.    Background

EPCO, which is a Texas corporation (R. Doc. 1-2, ¶ 1), originally filed this action in Louisiana state court. (R. Doc. 36-1, p. 1.) EPCO originally named two Texas entities, Fairmont Specialty Insurance Managers, Inc. ("FSMI") and Fairmont Specialty Managers Corp. ("FSMC"), as Defendants, which destroyed diversity. (R. Doc. 36-1, p. 1.) Defendant, Scottsdale Insurance Company ("Scottsdale") then removed the action to federal court based on diversity, asserting that FSIM and FSMC were not the proper parties in interest and that the only proper Fairmont party is FSIC, a California Corporation with its principal place of business in New Hampshire. (R. Doc. 36-1, p. 1.)

EPCO later filed an amended complaint (R. Doc. 30), naming FSIC as a Defendant. FSIC is now the only active Fairmont Defendant in the case, but EPCO seeks to ascertain the relationship

between FSIC and the Fairmont entities that are Texas citizens to confirm the existence of diversity. (R. Doc. 36-1, p. 2.)  Therefore EPCO seeks leave of the Court to conduct a Rule 30(b)(6) deposition of FSIC on topics limited to the relationship between FSIC, FSMC, and the Ranger Insurance Group entities named in EPCO's state court complaint.  (R. Doc. 36-1, p. 2.)

## II.    <u>Standard of Review</u>

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).  The Rules specify that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), the Court must limit discovery if: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to discover the information during the proceedings; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C).  The balancing of the burden and expense or the likely benefit of the proposed discovery requires the Court to consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the action; and (5) the importance of the discovery in resolving the issues.  *Id.*

### III.    Analysis

EPCO acknowledges that normally, pursuant to Rule 26(d), discovery cannot be conducted until after the Rule 26(f) conference. (R. Doc. 36-1, p. 3.) However, EPCO argues that jurisdictional discovery is often allowed prior to normal discovery to confirm the Court's ability to exercise jurisdiction. (R. Doc. 36-1, p. 3.) EPCO claims that it has obtained documents from the Texas Secretary of State and Louisiana Department of Insurance that caused it to question the citizenship of FSIC. (R. Doc. 36-1, p. 3.) EPCO claims that a deposition on the topics listed in Exhibit A (R. Doc. 41-6, Exh. A) is necessary to explain the succession and/or merger of FSIC and the Fairmont Texas and Ranger entities. (R. Doc. 36-1, p. 3.)

In response, FSIC argues that jurisdiction is not an issue in this matter and that EPCO failed to file a motion to remand within the time delays allowed by law. (R. Doc. 38, p. 1.) FSIC claims that EPCO is merely trying to conduct a fishing expedition to discover a basis for filing a motion to remand. (R. Doc. 38, p. 2.)

At the hearing, counsel for EPCO stated that it had four insurance policies at issue in this case and that three of those policies were issued by a Ranger Lloyd's entity and that the other policy was issued by Ranger Insurance Company, which were both Texas entities. EPCO stated that after its initial research, it named FSMI and FSMC, which are Texas entities, as Defendants. After the action was removed to federal court, EPCO amended its petition (R. Doc. 30) to include FSIC, a California corporation with its principal place of business in New Hampshire as a Defendant, and remove FSMI and FSMC as Defendants based on the representations of opposing counsel.

Counsel for EPCO argued that it needs to conduct jurisdictional discovery to make sure that FSIC is the only proper Fairmont entity and that no Texas Fairmont entity is a proper defendant. The Court inquired as to what other entities EPCO felt should be sued. Counsel for EPCO stated

that it believes that it might be possible to sue some of the Texas Fairmont defendants, specifically FSMI and FSMC. Counsel for EPCO stated that it needed to conduct discovery to determine if any Texas Fairmont entities are still active and to clarify the mergers of Fairmont and Ranger entities.

Counsel for FSIC submitted documents on the record to clarify the progression from the Ranger entities to FSIC and explain why FSIC is the proper party to be sued. First, counsel for FSIC provided the insurance policies issued to EPCO by Ranger Lloyds and Ranger Insurance Company covering 1993 to 1998. (Attached as Exhibit B.) Ranger Lloyds changed its name to Fairmont Specialty Lloyds on April 21, 2005. (Annual Report of Texas Department of Insurance, attached as Exhibit C, p. 61.) Ranger Insurance Company changed its name to Fairmont Specialty Insurance Company on February 3, 2005. (Annual Report of Texas Department of Insurance, attached as Exhibit C, p. 63.)

On December 31, 2007, Fairmont Specialty Lloyds filed its Articles of Dissolution and distributed all of its property, assets, liabilities, and obligations to FSIC. (Articles of Dissolution of Fairmont Specialty Lloyds, attached as Exhibit D, pp. 2-3.) Counsel for FSIC also provided the Articles of Dissolution for Fairmont Specialty Managers Corp., one of the parties named in EPCO's original Complaint. (Attached as Exhibit E, p. 3.) The Articles of Dissolution distributed all of Fairmont Specialty Managers Corp.'s assets and property to FSIC, which was then a Delaware corporation. (Attached as Exhibit E, p. 7.) FSIC then redomesticated and incorporated in California on March 24, 2009. (*See* Attached Exhibit G.)

Counsel for FSIC claimed that the only two companies that could be sued by EPCO because they were in privity of contract with EPCO were Ranger Lloyds and Ranger Insurance Company. Counsel for FSIC further claimed that the documents provided showed that both of these companies had eventually been subsumed by FSIC before this litigation was filed and that FSIC was formerly

a Delaware corporation and is now a California corporation. Counsel for FSIC therefore stated that there was no reason to grant jurisdictional discovery in this matter, because the only parties that could be sued by EPCO are now part of FSIC, a California corporation with its principal place of business in New Hampshire. Counsel for FSIC further argued that the other Fairmont party named in the original Complaint, Fairmont Specialty Mangers, Inc. ("FSMI"), is not affiliated with FSIC at all and is therefore not a proper defendant in this case.

Counsel for EPCO stated that the documents only established the legal transition of the Ranger entities and did not address their principal place of business, which she contended was still in Texas. Counsel for EPCO further argued that there is precedent under Texas law that a dissolved entity may be sued.

"[C]ourts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause. Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *In re Countrywide Fin. Corp.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)) (internal citations omitted).

As a preliminary matter, the Court finds that the documents provided by counsel for FSIC clarifies the dissolution of the Ranger entities and how those entities were subsumed under FSIC. EPCO contends that although it voluntarily removed FSMI and FSMC, Texas entities, from the matter in its amended Complaint, EPCO now needs to conduct discovery before the Rule 26(f) conference to make sure that those entities are not still active in Texas and cannot be sued under Texas law. However, EPCO fails to provide good cause regarding why it needs to conduct expedited discovery. Furthermore, to the extent that EPCO later discovers that a Texas defendant exists, it is not prohibited from filing an amended complaint adding the defendant. The Court further notes that the prejudice

to EPCO is minimized by the fact that if at any time in the proceeding the Court discovers that it lacks subject matter jurisdiction, it must dismiss the case. *See* Fed.R.Civ.P. 12(h)(3).

The Court finds that based on the information provided, the prejudice to the Defendants in responding the expedited discovery outweighs the benefit of conducting discovery before the Rule 26(f) conference in this matter. Therefore, EPCO's request or leave to conduct expedited discovery is denied.

**IV.** **Conclusion**

Accordingly,

**IT IS ORDERED** that **Energy Production Corporation's Motion for Leave to Conduct Jurisdictional Discovery (R. Doc. 36)** is hereby **DENIED.**

New Orleans, Louisiana, this 5th day of August 2010

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

# COMMERCIAL LINES POLICY
## COMMON POLICY DECLARATIONS
### DAILY REPORT

**NEW**

Renewal of Number

**Policy No. GLO 70 50 77**



**RANGER INSURANCE**

RANGER LLOYDS
■ A LLOYDS INSURANCE COMPANY
■ P.O. BOX 2807, HOUSTON, TEXAS 77252 2807

.Named Insured and Mailing Address (No., Street, Town or City, County, State, Zip Code)
- **ENERGY PRODUCTION CORPORATION (SEE ENDORSEMENT)**
  **7557 RAMBLER ROAD SUITE 600**
  **DALLAS, TEXAS 75231**

Policy Period: From **SEPTEMBER 19, 1993** to **SEPTEMBER 19, 1994** at 12:01 A.M. Standard Time at your mailing address shown above.

Business Description: **OIL LEASE OPERATOR/NON-OPERATOR**

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

PREMIUM

| | |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ **72,750.** |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Boiler and Machinery Coverage Part | $ |
| | $ |
| | $ |
| TOTAL | $ **72,750.** |

Premium shown is payable: $ **72,750.**   at inception; $ _____ 1st Anniversary; $ _____ 2nd Anniversary

Form(s) and Endorsement(s) made a part of this policy at time of issue*:

**SEE "ROG" DECLARATIONS FOR FORMS**

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

Countersigned:   **CV/10-15-93**
**#0113297**
**BURKE-DANIELS CO., INC.**
**P.O. BOX 36069**
**HOUSTON, TEXAS 77236**

By _____

_____
Authorized Representative

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services Office, Inc., 1983, 1984.

GLO 1001-L (9-90)          COMPANY COPY



**EXHIBIT**

tabbies®

B

## CC
MERCIAL LINES POLICY
## COMMON POLICY DECLARATIONS
### DAILY REPORT



**RANGER LLOYDS**
■ A LLOYDS INSURANCE COMPANY
■ P.O. BOX 2807, HOUSTON, TEXAS 77252-2807

## Policy No. **GLO 70 51 22** SEP 26 1994

Named Insured and Mailing Address (No., Street, Town or City, County, State, Zip Code)

- **Energy Production Corporation (See Endorsement)**
  **7557 Rambler Road, Suite 600**
  **Dallas, Texas 75231**

Policy Period: From **September 19, 1994** to **September 19, 1995** at 12:01 A.M. Standard Time at your mailing address shown above.

Business Description: **Oil & Gas Lease Operator/Non-Operator**

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

---

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

|  | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $**58,929** |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Boiler and Machinery Coverage Part | $ |
|  | $ |
|  | $ |
| TOTAL | $**58,929** |

Premium shown is payable: $ **58,929**    at inception; $            1st Anniversary; $            2nd Anniversary

---

Form(s) and Endorsement(s) made a part of this policy at time of issue*:

**See Commercial General Liability Coverage Part Declarations.**

---

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

Countersigned: **09/19/94**
**#0113297**
**Burke-Daniels Co., Inc.**          By _____
**P. O. Box 36069**                              Authorized Representative
**Houston, Texas 77236**

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services Office, Inc., 1983, 1984.

# COMMERCIAL LINES POLICY
## COMMON POLICY DECLARATIONS
### DAILY REPORT

GLO705122
Renewal of Number

Policy No. **GLO 70 51 68**



Named Insured and Mailing Address (No., Street, Town or City, County, State, Zip Code)
- **Energy Production Corporation**
  **7557 Rambler Road, Suite 600**
  **Dallas, Texas 75231**

Policy Period: From **September 19, 1995** to **September 19, 1996** at 12:01 A.M. Standard Time at your mailing address shown above.

All Premium Computer Invoiced *A'S*

Business Description: **Oil & Gas Lease Operator/Non-Operator**

Reports/Audits Completed *OPS*

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

|  | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $42,622  41,602 SEE |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Boiler and Machinery Coverage Part | $ |
|  | $ |
|  | $ |
| SEE Endt  41602 | TOTAL $42,622  42602 SEE |

Premium shown is payable: $42,622 at inception; $ _____ 1st Anniversary; $ _____ 2nd Anniversary

Form(s) and Endorsement(s) made a part of this policy at time of issue*:

**See Commercial General Liability Coverage Part Declarations**

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

Countersigned: 09/19/95
#0113297
**Burke-Daniels Co., Inc.**
**P.O. Box 36069**
**Houston, Texas 77236**

By _____
Authorized Representative

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services Office, Inc., 1983, 1984.

COMMERCIAL LINES POLICY
COMMON POLICY DECLARATIONS



**RANGER INSURANCE COMPANY**
► A CAPITAL STOCK COMPANY
► A DELAWARE CORPORATION, INCORPORATED IN 1823
■ ADMINISTRATIVE OFFICES: P. O. BOX 2807 HOUSTON, TX 77252-2807

GLO705168
Renewal of Number

Policy No. GLO111009

Named Assured and Mailing Address (No., Street, Town or City, County, State, Zip Code)

Energy Production Corporation
7557 Rambler Road, Suite 600
Dallas, Texas 75231

Policy Period: From    September 19, 1996    to    March 19, 1998        at 12:01 A.M. Standard Time
                                                                                                                        at your mailing address shown above.

Business Description: Oil & Gas Lease Operator/Non-Operator

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE
AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS
PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

|  | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ 46,479 |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Boiler and Machinery Coverage Part | $ |
|  | $ |
|  | $ |
| TOTAL: | $ 46,479 |

Premium shown is payable:    $ 46,479    at inception;    $        1st Anniversary;    $        2nd Anniversary

Form(s) and Endorsement(s) made a part of this policy at time of issue*:

SEE COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

Countersigned: 09/19/96

#0113297
Burke-Daniels Co. Inc.
P. O. Box 36069
Houston, Texas 77236

By: _____
                Authorized Representative

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE
FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.
Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services Office, Inc., 1983, 1984.

GLO 1001 (5/87)                                                                                                    JDL 190 (0)-0 (Ed. 11-85)



# Part II
# Report on Certificates of Authority

This section of the Texas Department of Insurance's *130th Annual Report* summarizes the agency's company licensing activities during fiscal year 2005, including issuance of new certificates of authority.

*Issued by the*

**Texas Department of Insurance**



**EXHIBIT**

C

## Companies that Changed Name, Moved Home Office or
## Were Re-classified Between September 1, 2004 and August 31, 2005

**Texas Companies**

**Atlantic Lloyd's Insurance Company of Texas,** Dallas, TX, (Lloyds) changed name and moved home office to
**Allcot Insurance Company,** Austin, TX and converted to a Stock Fire & Casualty insurance company,
(04/01/2005)

**Balboa Lloyds Insurance Company,** Plano, TX, (Lloyds) changed name to
**Newport E&S Insurance Company** and converted to a Stock Fire & Casualty insurance company,
(06/30/2005)

**Barron Risk Management Services, Inc.,** San Antonio, TX, (Third Party Administrator) changed name to
**CMI Barron Risk Management Services, Inc.,** (02/09/2005)

**Century American Casualty Company,** Austin, TX, (Stock Casualty) changed name and moved home office to
**Access Insurance Company,** Dallas, TX, (12/09/2004)

**CNA Lloyd's of Texas,** Dallas, TX, (Lloyds) changed name to **CNA Casualty Company of Texas** and converted to
a Stock Fire & Casualty insurance company, (12/31/2004)

**Comercial America Insurance Company,** Houston, TX, (Stock Fire & Casualty) changed name to
**Commercial Alliance Insurance Company,** (04/14/2005)

**Dallas Fire Insurance Company,** Fort Worth, TX, (Stock Fire & Casualty) moved home office to Dallas, TX,
(09/08/2004)

**Fidelity National Lloyds,** Austin, TX, (Lloyds) change name and moved home office to
**Fidelity National Indemnity Insurance Company,** San Antonio, TX and converted to a Stock Fire & Casualty
insurance company, (02/01/2005)

**Fireman's Fund Insurance Company of Texas,** Dallas, TX, (Stock Fire & Casualty) changed name to
**Procentury Insurance Company,** (08/16/2005)

**First American Title Insurance Company of Texas,** Houston, TX, (Title) changed name to
**Censtar Title Insurance Company,** (10/28/2004)

**OneBeacon Lloyd's of Texas,** Houston, TX, (Lloyds) moved home office to Addison, TX, (04/26/2005)

**Pacificare of Texas, Inc.,** San Antonio, TX, (Health Maintenance Organization) moved home office to Dallas, TX,
(09/15/2004)

**Professional Insurance Company,** Houston, TX, (Stock Life) moved home office to Frisco, TX, (12/28/2004)

**Ranger Lloyds,** Houston, TX, (Lloyds) changed name to **Fairmont Specialty Lloyds,** (04/21/2005)

**Traders & General Insurance Company,** Houston, TX, (Stock Fire & Casualty) moved home office to
Addison, TX, (03/29/2005)

**ULLICO Life Insurance Company,** Austin, TX, (Stock Life) moved home office to San Antonio, TX,
(10/08/2004)

**Utica Lloyd's of Texas,** Dallas, TX, (Lloyds) moved home office to Richardson, TX, (02/18/2005)

**Utica National Insurance Company of Texas,** Dallas, TX, (Stock Fire & Casualty) moved home office to
Richardson, TX, (02/18/2005)

**Utica Specialty Risk Insurance Company,** Dallas, TX, (Stock Fire & Casualty) moved home office to
Richardson, TX, (02/18/2005)

**Foreign Companies**

**21st Century Insurance Company of the Southwest,** Phoenix, AZ, (Stock Fire & Casualty) redomesticated by
way of charter amendment to Lewisville, TX, (12/31/2004)

**Acceleration Life Insurance Company,** Cincinnati, OH, (Stock Life) changed name and redomesticated by way of
charter amendment to **Parker Centennial Assurance Company,** Stevens Point, WI, (01/14/2005)

**American Nuclear Insurers,** West Hartford, CT, (Joint Underwriting Association) moved home office to
Glastonbury, CT, (02/10/2005)

**American Pioneer Title Insurance Company,** Casselberry, FL, (Title) changed name and moved home office to
**Ticor Title Insurance Company of Florida,** Jacksonville, FL, (01/26/2005)

**American Service Insurance Company, Inc.,** Rosemont, IL, (Stock Casualty) moved home office to Elk Grove
Village, IL, (10/05/2004)

**Associates Insurance Company,** South Bend, IN, (Stock Fire & Casualty) changed name to

**Commercial Guaranty Casualty Insurance Company,** (01/26/2005)

## Companies that Changed Name, Moved Home Office or Were Re-classified Between September 1, 2004 and August 31, 2005

### Foriegn Companies

**Benefits 2000, Inc.,** Brookfield, WI, (Third Party Administrator) changed name to **The Flex Company of America,** Inc., (02/09/2005)

**Boston Old Colony Insurance Company,** Boston, MA, (Stock Fire & Casualty) redomesticated by way of charter amendment to Chicago, IL, (03/18/2005)

**California Indemnity Insurance Company,** Los Angeles, CA, (Stock Fire & Casualty) redomesticated by way of charter amendment to Dallas, TX, (08/23/2005)

**CDC IXIS Financial Guaranty North America, Inc.,** New York, NY, (Stock Casualty) changed name to **CIFG Assurance North America, Inc.,** (05/23/2005)

**Centris Insurance Company,** Indianapolis, IN, (Stock Fire & Casualty) changed name to **HCC Insurance Company,** (02/10/2005)

**Cigna Life Insurance Company,** Bloomfield, CT, (Stock Life) changed name and moved home office to **Prudential Retirement Insurance and Annuity Company,** Hartford, CT, (10/06/2004)

**Contractors Insurance Administrators, Inc. of Florida,** Plantation, FL, (Third Party Administrator) changed name to **Foundation Benefits Administrators, Inc.,** (11/23/2004)

**Direct Life Insurance Company,** Marietta, GA, (Stock Life) moved home office to Griffin, GA, (09/17/2004)

**Doral USA, LLC,** Mequon, WI, (Third Party Administrator) changed name to **Vestica Healthcare, LLC,** (02/09/2005)

**Equitable Life Assurance Society of the United States,** New York, NY, (Stock Life) changed name to **AXA Equitable Life Insurance Company,** (09/07/2004)

**The Equitable of Colorado, Inc.,** Denver, CO, (Stock Life) changed name to **AXA Life and Annuity Company,** (09/15/2004)

**Farmers Mutual Hail Insurance Company of Iowa,** Des Moines, IA, (Mutual Fire & Casualty) moved home office to West Des Moines, IA, (08/03/2005)

**Federal Kemper Life Assurance Company,** Schaumburg, IL, (Stock Life) changed name and moved home office to **Chase Insurance Life and Annuity Company,** Elgin, IL, (12/10/2004)

**Fidelity Life Association A Mutual Legal Reserve Company,** Schaumburg, IL, (Stock Life) moved home office to Elgin, IL, (03/18/2005)

**Fidelity National Title Insurance Company,** Santa Barbara, CA, (Title) moved home office to Irvine, CA, (09/30/2004)

**First Continental Life & Accident Insurance Company,** Salt Lake City, UT, (Stock Life) redomesticated by way of charter amendment to Sugar Land, TX, (09/03/2004)

**Fortis Benefits Insurance Company,** Woodbury, MN, (Stock Life) redomesticated by way of charter amendment to Des Moines, IA, (12/27/2004)

**GE Group Life Assurance Company,** Enfield, CT, (Stock Life) moved home office to Windsor, CT, (07/14/2005)

**Gerling Global Reinsurance Corporation,** Cologne, Germany, (Stock Fire & Casualty) changed name to **Global Reinsurance Corporation – U.S. Branch,** (02/10/2005)

**The Glens Falls Insurance Company,** Wilmington, DE, (Stock Fire & Casualty) redomesticated by way of charter amendment to Chicago, IL, (08/30/2005)

**Great American Spirit Insurance Company,** Indianapolis, IN, (Stock Fire & Casualty) redomesticated by way of charter amendment to Cincinnati, OH, (12/06/2004)

**Great-West Life & Annuity Insurance Company,** Englewood, CO, (Stock Life) moved home office to Greenwood Village, CO, (04/14/2005)

**The Guarantee Company of North America USA,** Grosse Pointe Farms, MI, (Stock Casualty) moved home office to Southfield, MI, (11/10/2004)

**Hartford Life and Accident Insurance Company,** Hartford, CT, (Stock Life) moved home office to Simsbury, CT, (11/10/2004)

**HM Benefits Administrators, Inc.,** Harrisburg, PA, (Third Party Administrator) corrected home office to Pittsburgh, PA, (06/24/2005)

**Investors Partner Life Insurance Company,** Wilmington, DE, (Stock Life) changed name to **Manulife Insurance Company,** (02/10/2005)

**Manufacturers Life Insurance Company (U.S.A.),** Bloomfield Hills, MI, (Stock Life) changed name to **John Hancock Life Insurance Company (U.S.A.),** (01/03/2005)

## Companies that Changed Name, Moved Home Office or
**Were Re-classified** Between September 1, 2004 and August 31, 2005

### Foreign Companies

**The Mayflower Insurance Company, Ltd.,** Indianapolis, IN, (Stock Fire & Casualty) redomesticated by way of charter amendment to Columbia, SC, (11/10/2004)

**Medical Savings Insurance Company,** Oklahoma City, OK, (Stock Life) redomesticated by way of charter amendment to Indianapolis, IN, (03/31/2005)

**Mendakota Insurance Company,** Mendota Heights, MN, (Stock Fire & Casualty) moved home office to St. Paul, MN, (04/21/2005)

**Mendota Insurance Company,** Mendota Heights, MN, (Stock Fire & Casualty) moved home office to St. Paul, MN, (04/21/2005)

**Mid-West National Life Insurance Company of Tennessee,** Nashville, TN, (Stock Life) redomesticated by way of charter amendment to North Richland Hills, TX, (08/12/2005)

**Mutual Service Life Insurance Company,** Arden Hills, MN, (Mutual Life) converted to a Stock Life insurance company, (04/25/2005)

**National Worksite Advantage, Inc.,** Mequon, WI, (Third Party Administrator) changed name to **Trustmark Voluntary Benefit Solutions, Inc.,** (02/09/2005)

**Natisco, Inc.,** Wilmington, DE, (Third Party Administrator) changed name to **Broadspire Services, Inc.,** (02/09/2005)

**New England Benefit Companies, Inc.,** Warwick, RI, (Third Party Administrator) changed name to **National Employee Benefit Companies, Inc.,** *dba* **New England Benefit Companies, Inc.,** (06/24/2005)

**New York Life and Health Insurance Company,** Newark, DE, (Stock Life) changed name and redomesticated by way of charter amendment to **Direct General Life Insurance Company,** Aiken, SC, (09/15/2004)

**Northland Casualty Company,** Mendota Heights, MN, (Stock Fire & Casualty) moved home office to St. Paul, MN, (03/31/2005)

**Northland Insurance Company,** Mendota Heights, MN, (Stock Fire & Casualty) moved home office to St. Paul, MN, (03/31/2005)

**Old Reliable Casualty Company,** Webster Groves, MO, (Stock Fire & Casualty) moved home office to St. Louis, MO, (12/17/2004)

**Omaha Property and Casualty Insurance Company,** Omaha, NE, (Stock Fire & Casualty) changed name to **Beazley Insurance Company, Inc.,** (08/17/2005)

**The One Benefit Source, Inc.,** *dba* **The One Benefit Source,** Milwaukee, WI, (Third Party Administrator) changed name to **Pyramid Benefit Services Corporation,** (11/23/2004)

**Orion Life Insurance Company,** Wilmington, DE, (Stock Life) changed name to **Magellan Life Insurance Company,** (07/01/2005)

**Overseas Partners US Reinsurance Company,** Wilmington, DE, (Stock Fire & Casualty) changed name to **Clearwater Select Insurance Company,** (01/26/2005)

**Potomac Insurance Company of Illinois,** Lisle, IL, (Stock Fire & Casualty) changed name and moved home office to **SUA Insurance Company,** Chicago, IL, (01/26/2005)

**Progressive Northwestern Insurance Company,** Bellevue, WA, (Stock Fire & Casualty) redomesticated by way of charter amendment to Mayfield Village, OH, (02/25/2005)

**Providence Washington Insurance Company,** Providence, RI, (Stock Fire & Casualty) moved home office to East Providence, RI, (03/16/2005)

**Prudential Select Life Insurance Company of America,** Plymouth, MN, (Stock Life) changed name and moved home office to **Wilton Reassurance Company,** Minneapolis, MN, (07/26/2005)

**Ranger Insurance Company,** Wilmington, DE, (Stock Fire & Casualty) changed name to **Fairmont Specialty Insurance Company,** (02/03/2005)

**Redland Insurance Company,** Council Bluffs, IA, (Stock Fire & Casualty) redomesticated by way of charter amendment to Trenton, NJ, (12/01/2004)

**The Reliable Life Insurance Company,** Webster Groves, MO, (Stock Life) moved home office to St. Louis, MO, (12/17/2004)

**Response Worldwide Direct Auto Insurance Company,** Columbus, OH, (Stock Fire & Casualty) redomesticated by way of charter amendment to Meriden, CT, (05/26/2005)

## Companies that Changed Name, Moved Home Office or
## Were Re-classified Between September 1, 2004 and August 31, 2005

**Foreign Companies**

**Safeco Life Insurance Company,** Redmond, WA, (Stock Life) changed name to
**Symetra Life Insurance Company,** (09/01/2004)

**Safeco National Life Insurance Company,** Redmond, WA, (Stock Life) changed name to
**Symetra National Life Insurance Company,** (09/01/2004)

**Scottish Re Life Corporation,** Jefferson City, MO, (Stock Life) redomesticated by way of charter amendment to
Wilmington, DE, (08/09/2005)

**Security Continental Insurance Company,** Wilmington, DE, (Stock Life) changed name and redomesticated by
way of charter amendment to **Truassure Insurance Company,** Lisle, IL, (10/28/2004)

**Seguros del Centro, S.A., Leon,** Guanajuato, Mexico, (Mexican Casualty) changed name to
**GE Seguros, S.A. de C.V.,** (11/17/2004)

**Seguros Tepeyac, S.A. Compania Mexicana de Seguros Generales,** Mexico City, Mexico, (Mexican Casualty)
changed name and moved home office to **Mapfre Tepeyac, S.A.,** Huixquilucan, Mexico, (06/10/2005)

**SN Insurance Company,** assumed name for **Security National Insurance Company,** Davie, FL, (Stock Casualty)
changed assumed name to **Bristol West Specialty Insurance Company,** (09/17/2004)

**Specialty Risk Insurance Company,** Mayfield Village, OH, (Stock Fire & Casualty) changed name to
**Progressive Choice Insurance Company,** (09/24/2004)

**The State Life Insurance Company,** Indianapolis, IN, (Mutual Life) converted to a Stock Life insurance company,
(03/15/2005)

**Swiss Re Life & Health America Inc.,** Stamford, CT, (Stock Life) moved home office to Hartford, CT,
(03/18/2005)

**TIG Premier Insurance Company,** Martinez, CA, (Stock Fire & Casualty) changed name to
**Fairmont Premier Insurance Company,** (05/24/2005)

**The Tokio Marine and Fire Insurance Company, Limited,** Tokyo, Japan, (Stock Fire & Casualty) changed name to
**Tokio Marine & Nichido Fire Insurance Co., Ltd.,** (10/15/2004)

**Trip Mate Insurance Agency, Inc.,** Kansas City, MO, (Third Party Administrator) changed name and moved
home office to **Trip Mate, Inc.,** Overland Park, KS, (11/23/2004)

**The Union Labor Life Insurance Company,** Baltimore, MD, (Stock Life) moved home office to Silver Spring, MD,
(08/03/2005)

**United Security Insurance Company,** Des Moines, IA, (Stock Fire) changed type to a Stock Fire & Casualty
insurance company, (08/17/2005)

**United Wisconsin Life Insurance Company,** Green Bay, WI, (Stock Life) changed name to
**American Medical Security Life Insurance Company,** (12/06/2004)

**Usable Corporation,** Little Rock, AR, (Third Party Administrator) add *dba* **Usable Administrators,** (06/24/2005)

**Valley Forge Life Insurance Company,** Reading, PA, (Stock Life) redomesticated by way of charter amendment
to Fort Wayne, IN, (04/14/2005)

**Warner Insurance Company,** Springfield, IL, (Stock Fire & Casualty) redomesticated by way of charter amendment
to Meriden, CT, (06/20/2005)

**Zurich Life Insurance Company of America,** Schaumburg, IL, (Stock Life) changed name and moved home office
to **Chase Insurance Life Company,** Elgin, IL, (12/10/2004)



**Texas Department of Insurance**
Financial, Company Licensing & Registration, Mail Code 305-2C
333 Guadalupe • P. O. Box 149104, Austin, Texas 78714-9104
512-322-3507 telephone • 512-322-3550 fax • www.tdi.state.tx.us

December 31, 2007

Mr. John S. Pruitt
Dewey & LeBoeuf LLP
125 West 55th Street
New York, NY 10019-5389

Re: FAIRMONT SPECIALTY LLOYDS
Reinsurance with Fairmont Specialty Insurance Company
and Dissolution

Dear Mr. Pruitt:

We are enclosing a duplicate copy of the Articles of Dissolution of the captioned company along with a copy of the Commissioner's Order pertaining thereto.

We are committed to providing you with world class service in processing and completing your filings. You can help us move in that direction by providing us with your comments on the attached "Customer Response Form" and returning it to us in the enclosed envelope.

If we may be of further service to you, please let us know.

Sincerely,

Elisa Tovar-Doberenz
Administrative Assistant
Company License & Registration

Enclosures



## ARTICLES OF DISSOLUTION
## OF
## FAIRMONT SPECIALTY LLOYDS

The undersigned entity adopts the following Articles of Dissolution, which shall be effective as of the 31st day of December, 2007:

### ARTICLE ONE

The name of the company is Fairmont Specialty Lloyds (the "Company"). The Texas Department of Insurance company number for the Company is 69587.

### ARTICLE TWO

The name and address of the Company's Attorney-in-Fact is as follows:

Fairmont Specialty Managers Corp.
10777 Westheimer Road, 5th Floor
Houston, TX 77042

### ARTICLE THREE

Set forth below are the names and business address of each and every one of the underwriters of the Company as of the date of these Articles of Dissolution:

| | |
|---|---|
| John K. Cassil | Linda Jordan |
| Loyd R. Godbold | Richard J. Klimaszewski |
| David O. Green | James G. Wilks |
| James Hyde | |

Business Address:   10777 Westheimer Road, 5th Floor
Houston, TX 77042

### ARTICLE FOUR

A written consent to dissolve the Company was signed by the Company's Attorney-in-Fact and the Company's underwriters.

### ARTICLE FIVE

All debts, liabilities and obligations of the Company have been paid, satisfied, or discharged or adequate provision has been made for payment, satisfaction, or discharge thereof.

## ARTICLE SIX

All of the property and assets of the Company has been distributed to Fairmont Specialty Insurance Company ("FSIC") in connection with the Company's assignment to, and FSIC 's assumption of all of the Company's liabilities and obligations. The remaining property and assets have been distributed among the Company's underwriters in accordance with their respective rights and interests.

FAIRMONT SPECIALTY LLOYDS
By FAIRMONT SPECIALTY MANAGERS
CORP.
its Attorney-in-Fact

By:_____

Marc J. Adee, President

NYA546274.1

*No.* **07-1201**   *OFFICIAL ORDER*
*of the*
**COMMISSIONER OF INSURANCE**
*of the*
**STATE OF TEXAS**
**AUSTIN, TEXAS**

**Date:** DEC 3 1 2007

**Subject Considered:**

FAIRMONT SPECIALTY LLOYDS
Houston, Texas
TDI No. 12-69587

CANCELLATION OF CERTIFICATE OF AUTHORITY AND DISSOLUTION OF CHARTER
BY REINSURANCE INTO

FAIRMONT SPECIALTY INSURANCE COMPANY
Wilmington, Delaware
TDI No. 08-93641

**General remarks and official action taken:**

On this day the Commissioner of Insurance considered the
application of FAIRMONT SPECIALTY LLOYDS, Houston, Texas, for
approval of an Assumption Reinsurance Agreement between **FAIRMONT
SPECIALTY LLOYDS**, Houston, Texas and **FAIRMONT SPECIALTY INSURANCE
COMPANY**, Wilmington, Delaware, pursuant to Chapter 493 of the **Texas
Insurance Code** and 28 TEX. ADMIN. CODE §§7.601 and 7.604.

The application shows that arrangements have been made to reinsure
all policies of insurance of FAIRMONT SPECIALTY LLOYDS into
FAIRMONT SPECIALTY INSURANCE COMPANY by means of the issuance of an
Assumption Certificate providing the policyholders of FAIRMONT
SPECIALTY LLOYDS with the same terms, conditions, privileges and
obligations as if their policies had been originally issued by
FAIRMONT SPECIALTY INSURANCE COMPANY. An Assumption Certificate
for FAIRMONT SPECIALTY LLOYDS, Houston, Texas, has been filed with
the Property & Casualty Division of the Texas Department of
Insurance.

FAIRMONT SPECIALTY LLOYDS has submitted evidence showing that all
of its matured debts, obligations, and liabilities have been paid
or that adequate provisions have been made thereof, and that all of
its net assets held under joint control will be released to the
underwriters in accordance with the provisions of the TEX. INS.
CODE ANN. §941.004.

# 0 7 - 1 2 0 1

Further, based upon the representations made by FAIRMONT SPECIALTY LLOYDS and FAIRMONT SPECIALTY INSURANCE COMPANY and recommendations by Texas Department of Insurance staff, after their review of the terms and conditions of the Assumption Reinsurance Agreement, the Commissioner of Insurance finds that the proposed Reinsurance Agreement fully protects the interests of all policyholders and is, therefore, authorized by TEX. INS. CODE ANN. §493.052.

IT IS THEREFORE ORDERED by the Commissioner of Insurance that the Assumption Reinsurance Agreement between FAIRMONT SPECIALTY LLOYDS and FAIRMONT SPECIALTY INSURANCE COMPANY should be and is hereby approved, effective December 31, 2007.

IT IS FURTHER ORDERED that the Commissioner of Insurance finds that FAIRMONT SPECIALTY LLOYDS has complied with all applicable law and hereby ORDERS that the Articles of Dissolution be approved and that FAIRMONT SPECIALTY LLOYDS, Houston, Texas be dissolved.

IT IS FURTHER ORDERED that because FAIRMONT SPECIALTY LLOYDS has submitted an Affidavit of Lost Certificate of Authority for Certificate of Authority, No. 13841, dated April 21, 2005, issued to FAIRMONT SPECIALTY MANAGERS CORP., Attorney-in-Fact for underwriters at FAIRMONT SPECIALTY LLOYDS, Houston, Texas, it should be and is hereby canceled.

IT IS FURTHER ORDERED that the $2,000,000 guaranty fund held on behalf of FAIRMONT SPECIALTY LLOYDS, Houston, Texas be released to FAIRMONT SPECIALTY INSURANCE COMPANY, Wilmington, Delaware.

MIKE GEESLIN
COMMISSIONER OF INSURANCE

BY: _____

Danny Saenz
Senior Associate Commissioner
Financial Program
Commissioner's Order No. 07-0988

Recommended by:

_____

Christopher Osuna
Insurance Specialist
Company Licensing & Registration

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Hope Andrade
Secretary of State

# Office of the Secretary of State

November 20, 2008

CT Corporation System
701 Brazos, Ste. 360
Austin, TX 78701 USA

RE: Fairmont Specialty Managers Corp.
File Number: 107083900

It has been our pleasure to file the articles of dissolution for the referenced entity. Enclosed is the certificate evidencing filing. Payment of the filing fee is acknowledged by this letter.

If we may be of further service at any time, please let us know.

Sincerely,

Corporations Section
Statutory Filings Division
(512) 463-5555

Enclosure

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555
Prepared by: Jean Marchione

Fax: (512) 463-5709
TID: 10088

Dial: 7-1-1 for Relay Services
Document: 237401350003



**EXHIBIT**



Hope Andrade
Secretary of State

# Office of the Secretary of State

## CERTIFICATE OF DISSOLUTION
### OF

Fairmont Specialty Managers Corp.
107083900

The undersigned, as Secretary of State of Texas, hereby certifies that the Articles of Dissolution for the above named entity have been received in this office and have been found to conform to law.

ACCORDINGLY, the undersigned, as Secretary of State, and by virtue of the authority vested in the Secretary of State by law, hereby issues this Certificate of Dissolution.

Dated: 11/20/2008

Effective: 11/20/2008



Hope Andrade
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555
Prepared by: Jean Marchione

Fax: (512) 463-5709
TID: 10089

Dial: 7-1-1 for Relay Services
Document: 237401350002



Office of the Secretary of State
Corporations Section
P.O. Box 13697
Austin, Texas 78711-3697

FILED
In the Office of the
Secretary of State of Texas

NOV 20 2008

Corporations Section

# ARTICLES OF DISSOLUTION
# BUSINESS CORPORATION

Pursuant to the provisions of article 6.06 of the Texas Business Corporation Act, the undersigned corporation adopts the following articles of dissolution:

1.    The name of the corporation is Fairmont Specialty Managers Corp.

      The file number is 107083900

2.    The names and respective addresses of its officers are as follows:

| NAME | OFFICE HELD | ADDRESS |
|------|-------------|---------|
| Please see Attachment A. | | |
| | | |
| | | |

3.    The names and respective addresses of its directors are as follows:

| NAME | ADDRESS |
|------|---------|
| Please see Attachment A. | |
| | |
| | |

YOU MUST CHECK EITHER A OR B IN ITEMS FOUR THROUGH SIX

4.    ☑ A. A written consent to dissolve was signed by all shareholders of the corporation or was signed in their names by their attorneys thereunto duly authorized.

or

      ☐ B. A resolution to dissolve was adopted by not less than a two-thirds vote of the shareholders of the corporation on the following date:

The number of shares outstanding and entitled to vote, and voting for and against the dissolution were as follows:

| CLASS | SERIES | OUTSTANDING AND ENTITLED TO VOTE | TOTAL VOTED FOR | TOTAL VOTED AGAINST |
|-------|--------|--------------------------------|-----------------|---------------------|
| | | | | |
| | | | | |

5. ☑ A. All debts, liabilities and obligations of the corporation have been paid, satisfied, or discharged or adequate provision has been made for payment, satisfaction, or discharge thereof.

or

☐ B. The properties and assets of the corporation were not sufficient to pay, satisfy, or discharge all the corporation's debts, liabilities, and obligations. All properties and assets of the corporation have been applied so far as they would go to the just and equitable payment of those debts, liabilities, and obligations or adequate provision has been made for such application.

6. ☑ A. The remainder of the properties and assets of the corporation have been distributed to its shareholders according to their respective rights and interests.

or

☐ B. No properties or assets of the corporation remained for distribution to shareholders after applying the properties and assets of the corporation so far as they would go to the just and equitable payment of the debts, liabilities, and obligations of the corporation or making adequate provision for such application.



By _____    Officer    Title: *General Counsel, Secretary, Senior V.P.*

INSTRUCTIONS

1. Attach certificate #05-305 from the comptroller of public accounts indicating that all taxes have been paid and the corporation is in good standing for the purpose of dissolution. Requests for certificates or questions on tax status should be directed to the Tax Assistance Section, Comptroller of Public Accounts, Austin, Texas 78774-0100; (512) 463-4600; toll-free (800) 252-1381; (TDD) (800) 248-4099.

2. The franchise tax year ends on December 31st. The corporation must be in good standing through the date of receipt of the articles of dissolution by the secretary of state. A post mark date will not be considered as the date of receipt. If December 31st falls on a Saturday, Sunday, or legal holiday, the documents must be received no later than the last business day before December 31st. It is suggested that corporations attempting to dissolve prior to the end of the franchise tax year make their submissions well in advance of such tax deadline. Corporations not dissolved on or before December 31st will be subject to the new franchise tax year's requirements as of January 1st. Submissions which are incorrect or incomplete in any manner cannot be filed and will be returned. The effective date of filing is the date of receipt of the re-submission of a complete document which conforms to law.

3. Send a $40 payment for the filing fee along with two copies of the articles of dissolution, and the certificate from the comptroller of public accounts to the Secretary of State, Statutory Filings Division, Corporations Section, P.O. Box 13697, Austin, Texas 78711-3697. The delivery address is 1019 Brazos, Austin, Texas 78701. We will place one document on record and, *if a duplicate copy has been provided for such purpose*, return a file stamped copy. The telephone number is (512) 463-5555, TDD: (800) 735-2989, FAX: (512) 463-5709.

4. The attached form promulgated by the secretary of state is designed to meet minimum statutory filing requirements and no warranty is made regarding the suitability of this form for any particular purpose. This form and the information provided are not substitutes for the advice of an attorney and it is recommended that the services of an attorney be obtained before preparation of the articles of dissolution.

Form No. 602
Revised 9/99

Attachment A

Officers and Directors
of Fairmont Specialty Managers Corp.

| Name of Officer | Office Held | Address |
|---|---|---|
| William J. Gillett | President and Chief Executive Officer | 250 Commercial Street, Suite 5000<br>Manchester, New Hampshire 03101 |
| Richard F. Coerver IV | Senior Vice President and Chief Financial Officer | 250 Commercial Street, Suite 5000<br>Manchester, New Hampshire 03101 |
| Charles G. Ehrlich | Senior Vice President, Secretary and General Counsel | 250 Commercial Street, Suite 5000<br>Manchester, New Hampshire 03101 |
| John M. Parker | Senior Vice President | 250 Commercial Street, Suite 5000<br>Manchester, New Hampshire 03101 |
| Joan Jesuele | Vice President and Treasurer | 250 Commercial Street, Suite 5000<br>Manchester, New Hampshire 03101 |
| Joseph Zampella | Vice President and Controller | 250 Commercial Street, Suite 5000<br>Manchester, New Hampshire 03101 |
| James Baker | Assistant Secretary | 2850 Lake Vista Drive, Suite 150<br>Lewisville, Texas 75067 |
| John Cassil | Assistant Secretary | 2850 Lake Vista Drive, Suite 150<br>Lewisville, Texas 75067 |
| Adeline A. Haft | Assistant Secretary | MFXchange US, Inc.<br>5205 N. O'Connor Blvd., Suite 350<br>Irving, Texas 75039 |
| Sherryl R. Scott | Assistant Secretary | 250 Commercial Street, Suite 5000<br>Manchester, New Hampshire 03101 |

1

NYA571020.1

Attachment A

| | |
|---|---|
| Melody Spencer | Assistant Secretary |
| | 2850 Lake Vista Drive, Suite 150 |
| | Lewisville, Texas 75067 |
| Thomas Yu | Assistant Secretary |
| | 2850 Lake Vista Drive, Suite 150 |
| | Lewisville, Texas 75067 |

| Name of Director | Address |
|---|---|
| Richard F. Coerver IV | 250 Commercial Street, Suite 5000 |
| | Manchester, New Hampshire 03101 |
| Charles G. Ehrlich | 250 Commercial Street, Suite 5000 |
| | Manchester, New Hampshire 03101 |
| William J. Gillett | 250 Commercial Street, Suite 5000 |
| | Manchester, New Hampshire 03101 |
| John M. Parker | 250 Commercial Street, Suite 5000 |
| | Manchester, New Hampshire 03101 |

2

NYA5710201

The undersigned, being the sole shareholder of Fairmont Specialty Managers Corp., a Texas corporation (the "Corporation"), pursuant to the provisions of Article 6.02 of the Business Corporation Act of the State of Texas, does hereby consent in writing to the adoption of the following resolutions:

**WHEREAS**, the undersigned shareholder of the Corporation deems it advisable and in the best interest of the Corporation that the Corporation be dissolved;

**NOW, THEREFORE, BE IT RESOLVED**, that the Corporation shall be dissolved effective as of the date of issuance of a certificate of dissolution by the Texas Secretary of State; and

**FURTHER RESOLVED**, that written notice of the Corporation's intention to dissolve be mailed by registered or certified mail to each known claimant against the Corporation;

**FURTHER RESOLVED**, that the Corporation's directors, officers, employees, agents or attorneys pay, satisfy or discharge all debts, liabilities and obligations of the Corporation or make adequate provision for payment, satisfaction or discharge therefore;

**FURTHER RESOLVED**, that the remainder of the properties and assets of the Corporation be distributed to its sole shareholder, Fairmont Specialty Insurance Company, a Delaware corporation; and

**FURTHER RESOLVED**, that all actions taken to date by each of the Corporation's directors, officers, employees, agents and attorneys in connection with the proposed dissolution of the Corporation and other transactions contemplated thereby or in furtherance thereof be and hereby are ratified.

DATED: Sept 17, 2008

FAIRMONT SPECIALTY INSURANCE COMPANY

By: 

Name: Nicholas C. Bentley

Title: President + CEO



November 19, 2008

FAIRMONT SPECIALTY MANAGERS CORP
2850 LAKE VISTA DR STE 150
LEWISVILLE TX 75067-4297

## CERTIFICATE OF ACCOUNT STATUS

THE STATE OF TEXAS
COUNTY OF TRAVIS

I, Susan Combs, Comptroller of Public Accounts of the State of Texas, DO
HEREBY CERTIFY that according to the current records of this office

### FAIRMONT SPECIALTY MANAGERS CORP

has filed all required reports for taxes administered by the Comptroller under
Title 2, Tax Code, and taxes reported due on those reports have been paid.
This certificate must be filed with the Texas Secretary of State to legally
end the entity's existence in Texas. This certificate is valid through
December 31, 2008.

GIVEN UNDER MY HAND AND
SEAL OF OFFICE in the City of
Austin, this 19th day of
November, 2008 A.D.

Susan Combs
Texas Comptroller

Taxpayer number: 30010918503
File number: 0107083900

NOTE: Failure by Texas entities to legally end existence with the Texas Secretary of State on or before the expiration of this
certificate, will result in additional franchise tax responsibilities. Texas entities not registered with the Texas Secretary of State and
all out of state entities are responsible for franchise tax through the last date of business in this state.

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 09:30 AM 05/05/2004*
*FILED 09:30 AM 05/05/2004*
*040326286 - 0891187 FILE*

# STATE OF DELAWARE
# CERTIFICATE OF AMENDMENT
# OF CERTIFICATE OF INCORPORATION

### Ranger Insurance Company

a corporation organized and existing under and by virtue of the General Corporation Law of the State of Delaware.

### DOES HEREBY CERTIFY:

**FIRST:** That by unanimous written consent in lieu of a meeting of the Board of Directors of Ranger Insurance Company (the "Company"), resolutions were duly adopted setting forth a proposed amendment of the Certificate of Incorporation of the Company, declaring said amendment to be advisable and calling for the submission of such proposed amendment to the sole stockholder of the Company for consideration thereof. The resolution setting forth the proposed amendment is as follows:

**RESOLVED,** that Article FIRST of the Company's Certificate of Incorporation be amended to read in its entirety as follows:

The name of the corporation is Fairmont Specialty Insurance Company.

**SECOND:** That thereafter the proposed amendment was submitted to the Company's sole stockholder for consideration and, by unanimous written consent in lieu of a meeting, the sole stockholder approved the amendment.

**THIRD:** That said amendment was duly adopted in accordance with the provisions of Section 242 of the General Corporation Law of the State of Delaware.

**FOURTH:** That the capital of the Company shall not be reduced under or by reason of said amendment.

IN WITNESS WHEREOF, said Ranger Insurance Company has caused this certificate to be signed by Eileen McCollum, an Authorized Officer, this **26th** day of ___Apr11_____, 2004.

By: ___/s/ Eileen McCollum___
       Authorized Officer

Title: ____Assistant Secretary____

Name: _____Eileen McCollum_____
       Print or Type



**EXHIBIT**

## State of California
### Secretary of State



I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _10_ page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

**JUL 2 3 2009**

DEBRA BOWEN
Secretary of State



**EXHIBIT**

A06896b18
1078540

FILED
In the Office of the Secretary of State
of the State of California

MAR 2 6 2009

### ARTICLES OF REDOMESTICATION
### AND INCORPORATION
### OF
### FAIRMONT SPECIALTY INSURANCE COMPANY

I.

The name of this corporation is FAIRMONT SPECIALTY INSURANCE COMPANY.

II.

The purpose of this corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Laws of California, other than the banking business, the trust company business, or the practice of a profession permitted to be incorporated by the California Corporations Code.

III.

The total number of shares which the corporation is authorized to issue is three hundred and ten thousand (310,000) shares of ten dollar ($10) par value stock, all of the same class, designated as "common stock".

IV.

The business of the corporation is to be an insurer.

V.

The following provisions are hereby adopted for the purpose of defining, limiting, and regulating the powers of the Corporation and of the directors and shareholders:

(a) The Board of Directors is hereby empowered to authorize the issuance from time to time of shares of its stock, for such consideration as may be deemed advisable by the Board of Directors and without any action by the shareholders.

(b) No holder of any stock or any other securities of the Corporation, whether now or hereafter authorized, shall have any preemptive right to subscribe for or purchase any stock or any other securities of the Corporation other than such, if any, as the

Board of Directors, in its sole discretion, may determine and at such price or prices and upon such other terms as the Board of Directors, in its sole discretion, may fix.

(c)    The Board of Directors of the Corporation shall, consistent with applicable law, have power in its sole discretion to determine from time to time in accordance with sound accounting practice or other reasonable valuation methods what constitutes annual or other net profits, earnings, surplus, or net assets in excess of capital; to fix and vary from time to time the amount to be reserved as working capital, or determine that retained earnings or surplus shall remain in the hands of the Corporation; to set apart out of any funds of the Corporation such reserve or reserves in such amount or amounts and for such proper purpose or purposes as it shall determine and to abolish any such reserve or any part thereof; to distribute and pay distributions or dividends in stock, cash or other securities or property, to stockholders of record on such dates as it may from time to time, determine.

VI.

(a)  The liability of directors of this Corporation for monetary damages shall be eliminated to the fullest extent permissible under California law.    If the General Corporation Law of the Corporations Code of the State of California is amended to authorize corporate action further eliminating or limiting the personal liability of the Corporation's Directors (or former Directors), then the liability of a Director (or former Director) of the Corporation shall be eliminated or limited to the fullest extent permitted by the General Corporation Law of the Corporations Code of the State of California as so amended without the need of any further action by the Company.

(b)  The Corporation shall be permitted to indemnify its agents (as defined in Section 317 of the California Corporations Code) for breach of duty to the Corporation and its shareholders or in respect of any other matter through bylaw provisions, agreements with the agents, a vote of the shareholders or disinterested directors, or otherwise, to the fullest extent permitted under California law.

(c)  The foregoing rights of indemnification shall not be exclusive of any other rights to which those seeking indemnification may be entitled.

2

(d)  The Board of Directors may take such action as is necessary to carry out these indemnification provisions and is expressly empowered to adopt, approve and amend from time to time such Bylaws, resolutions or contracts implementing such provisions or such further indemnification arrangements as may be permitted by law.

(e)  In addition to the powers granted herein, the Corporation shall be permitted to take any other action not forbidden by law to protect the interests of any person who was or is a party or is threatened to be made a party to any proceeding by reason of the fact that the person is or was an agent of the corporation.

(f)  No amendment, repeal, or modification of this Article VI shall limit or eliminate the right to indemnification provided hereunder with respect to acts or omissions occurring prior to such amendment, repeal, or modification.

## VII.

The enumeration and definition of particular powers of the Board of Directors included in the foregoing Articles V and VI shall in no way be limited or restricted by reference to or inference from the terms of any other clause of these Articles of Incorporation or any other charter document of the Corporation, or construed as or deemed by inference or otherwise in any manner to exclude or limit any power conferred upon the Board of Directors under the General Corporation Law of the State of California now or hereafter in force.

Executed on the 24 day of March , 2009, at Manchester , NH.

Charles G. Ehrlich
Senior Vice President and Secretary

3

### BEFORE THE
### DEPARTMENT OF INSURANCE
### STATE OF DELAWARE

IN THE MATTER OF: )

)

THE REDOMESTICATION OF FAIRMONT ) Docket No. 1046-2008
SPECIALTY INSURANCE COMPANY FROM )
THE STATE OF DELAWARE TO THE )
STATE OF CALIFORNIA )

### FINDINGS AND ORDER

WHEREAS, the Delaware Department of Insurance ("Department") received an application from Fairmont Specialty Insurance Company ("Fairmont Specialty), a Delaware domestic property and casualty insurance company, to redomesticate from the State of Delaware to the State of California; and

WHEREAS, based on the documents submitted to the Department, representations of Fairmont Specialty and other facts, matters and information before the Insurance Commissioner of the State of Delaware ("Commissioner") and the recommendations of the Department's staff, the Commissioner FINDS that:

### FINDINGS OF FACT

1. Fairmont Specialty is a property and casualty insurance company incorporated under the laws of the State of Delaware on August 1, 1923, and authorized to transact the business of insurance in Delaware on July 16, 1980.

2. Fairmont Specialty has filed an application with the Department to redomesticate to the State of California.

I

3. The Department received notification that the California Department of Insurance provisionally approves the redomestication, subject to approval by the Delaware Department.

4. That in accordance with 18 Del. C. Section 4946 and other applicable provisions of law, the Commissioner may approve the redomestication of a domestic insurer unless he determines that such transfer of domicile is not in the interests of the policyholders of this State. There is no evidence that any harm will inure to the policyholders of Fairmont Specialty in Delaware from the proposed redomestication. No other objections have been raised or are known to the redomestication.

## CONCLUSIONS OF LAW

Based upon the above Findings of Fact, the Commissioner concludes that:

1. The Commissioner has jurisdiction over the parties and the subject matter involved herein.

2. The transfer of domicile of Fairmont Specialty from the State of Delaware to the State of California is not contrary to the interests of Fairmont Specialty's policyholders.

IT IS THEREFORE ORDERED THAT:

1. The redomestication of Fairmont Specialty is APPROVED subject to the following conditions:

a) Fairmont Specialty shall obtain the approval of the California Department of Insurance. This Order is conditioned upon such approval and shall have no effect until such approval is obtained.

2

b)     A certified copy of the approval issued by the California Department of Insurance shall be provided to the Commissioner within five (5) business days of its receipt by Fairmont Specialty.

2.     Upon receipt of all required documents, the Department will issue to Fairmont Specialty a Delaware Certificate of Authority as a foreign admitted insurer, effective the date the redomestication was approved in California.

SO ORDERED this 30th day of December, 2008.

Matthew Denn
Insurance Commissioner

3

# STATE OF CALIFORNIA

# DEPARTMENT OF INSURANCE
### SAN FRANCISCO

## Certificate of Compliance

I, Pauline D'Andrea, on behalf of the Insurance Commissioner of the State of California, do hereby certify that the

### Fairmont Specialty Insurance Company

of California, is duly organized under the laws of the State of California, and is licensed by this Department to issue policies and transact the business of

**Fire, Marine, Surety, Disability, Plate Glass, Liability, Workers' Compensation, Common Carrier Liability, Boiler and Machinery, Burglary, Credit, Sprinkler, Team and Vehicle, Automobile, Aircraft, and Miscellaneous insurance.**

The Certificate of Authority is for an indefinite term but shall expire with the expiration or termination of the corporate existence of the holder thereof. Notwithstanding the foregoing, the Certificate of Authority may be suspended, revoked, or surrendered in the manner provided by statute.

IN WITNESS WHEREOF, I have hereunto set my hand and caused the official seal of the Insurance Commissioner to be affixed this 25th day of March, 2009.

Steve Poizner
Insurance Commissioner

By     *Pauline D'Andrea*

Pauline D'Andrea

## STATE OF CALIFORNIA
## DEPARTMENT OF INSURANCE    № 08628
### SAN FRANCISCO

Amended
# Certificate of Authority

THIS IS TO CERTIFY *THAT, Pursuant to the Insurance Code of the State of California,*

Fairmont Specialty Insurance Company

*of*        California                                    *, organized under the*

*laws of*     California                    *, subject to its Articles of Incorporation or*

*other fundamental organizational documents, is hereby authorized to transact within the State, subject to*

*all provisions of this Certificate, the following classes of insurance:*    Fire, Marine,

Surety, Disability, Plate Glass, Liability, Workers' Compensation,

Common Carrier Liability, Boiler and Machinery, Burglary, Credit,

Sprinkler, Team and Vehicle, Automobile, Aircraft, and Miscellaneous

*as such classes are now or may hereafter be defined in the Insurance Laws of the State of California.*

THIS CERTIFICATE *is expressly conditioned upon the holder hereof now and hereafter being in full compliance with all, and not in violation of any, of the applicable laws and lawful requirements made under authority of the laws of the State of California as long as such laws or requirements are in effect and applicable, and as such laws and requirements now are, or may hereafter be changed or amended.*

IN WITNESS WHEREOF, *effective as of the* __19th__

*day of* __February__ , __2009__ , *I have hereunto*

*set my hand and caused my official seal to be affixed this*

__19th__ *day of* __February__ , __2009__ .



Steve Poizner
*Insurance Commissioner*

*By*

Valerie J. Sarfaty
for Jim Richardson
Chief Deputy

**NOTICE:**
Qualification with the Secretary of State must be accomplished as required by the California Corporations Code promptly after issuance of this Certificate of Authority. Failure to do so will be a violation of Insurance Code Section 701 and will be grounds for revoking this Certificate of Authority pursuant to the convenants made in the application therefor and the conditions contained herein.

FORM CB-3                                                                         OSP 09 39391

Amended
# Certificate of Authority

THIS IS TO CERTIFY *THAT, Pursuant to the Insurance Code of the State of California,*

Fairmont Specialty Insurance Company

*of*        Wilmington, Delaware                    *, organized under the*

*laws of*        Delaware                    *, subject to its Articles of Incorporation or*

*other fundamental organizational documents, is hereby authorized to transact within the State, subject to*

*all provisions of this Certificate, the following classes of insurance:*        Fire, Marine,

Surety, Disability, Plate Glass, Liability, Workers' Compensation,

Common Carrier Liability, Boiler and Machinery, Burglary, Credit,

Sprinkler, Team and Vehicle, Automobile, Aircraft, and Miscellaneous

*as such classes are now or may hereafter be defined in the Insurance Laws of the State of California.*

THIS CERTIFICATE *is expressly conditioned upon the holder hereof now and hereafter being in full compliance with all, and not in violation of any, of the applicable laws and lawful requirements made under authority of the laws of the State of California as long as such laws or requirements are in effect and applicable, and as such laws and requirements now are, or may hereafter be changed or amended.*

IN WITNESS WHEREOF, *effective as of the* ____3rd____

*day of* __February__ , __2005__ , *I have hereunto*

*set my hand and caused my official seal to be affixed this*

____3rd____ *day of* __February__ , __2005__ .

John Garamendi
*Insurance Commissioner*

Connie M. Perry
for Richard D. Baum
Chief Deputy

**NOTICE:**
Qualification with the Secretary of State must be accomplished as required by the California Corporations Code promptly after issuance of this Certificate of Authority. Failure to do so will be a violation of Insurance Code Section 701 and will be grounds for revoking this Certificate of Authority pursuant to the convenants made in the application therefor and the conditions contained herein.

FORM CB-3                                    OSP 00 39391